UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  22-14705 |
| MARIO L PAGDANGANAN, JR | ) | |
| WILSON A BERMAS | ) | Chapter: 13 |
| | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**AGREED ORDER CONDITIONING STAY**

THIS CAUSE coming to be heard on the Motion For Relief From Automatic Stay or In the Alternative to Dismiss the Case of Movant, Wells Fargo Bank, N.A. through LOGS Legal Group LLP:

IT IS ORDERED:

1.  Debtors shall cure the post-petition default through March 1, 2025 as follows**:

| | | |
|---|---|---|
| A. | On or before April 15, 2025 | $1,031.93 |
| B. | On or before May 15, 2025 | $1,031.93 |
| C. | On or before June 15, 2025 | $1,031.93 |
| D. | On or before July 15, 2025 | $1,031.93 |
| E. | On or before August 15, 2025 | $1,031.93 |
| F. | On or before September 15, 2025 | $1,031.95 |

** All further payments will be applied in the manner prescribed by the subject note and mortgage. Please send the payments directly to: Wells Fargo Home Mortgage, P.O. Box 14507, Des Moines, IA 50306. Payments should be made out to Wells Fargo Bank, N.A. or the name of the current mortgage servicer.

The post-petition default consists of mortgage payments in the amount of $15,479.00 for the months of November 1, 2025 through March 1, 2025, less funds in suspense in the amount of $7.68 for a total default of $15,471.32 through March 1, 2025. The Debtors have tendered $9,279.72 in funds prior to the entry of this order and the remaining default is $6,191.60 as stated herein. Regular mortgage payments resume April 1, 2025.

If Debtors fail to comply with the payment schedule above such that two payments are due and unpaid, then the provisions of paragraph 2 will apply. These payments are to be made in addition to any other payments required under the Debtor's plan.

Until such time as the payments set forth above are paid in full, if Debtor fails to pay the post-petition mortgage payments such that two payments are due and unpaid, then the provisions of paragraph 2 will apply.

2. If Creditor does not receive any two payments required under paragraph 1 by the date due, Creditor may issue a Notice of Default stating the amount of the default and giving the Debtors a Notice of Default stating the amount of the default and giving the Debtors 14 days to cure the default. The Notice of Default must be filed with the court with a certificate of service on the Debtors and the

Debtors' lawyer.  If the Debtors do not cure the default by 14 days from the filing date of the Notice of Default, then Creditor may file a Notice of Termination of Stay with a certificate of service on the Debtors and the Debtors' lawyer.  The Notice of Termination terminates the automatic stay to permit Creditor to exercise its in rem rights under non-bankruptcy law in the collateral effective on the date it is filed.  The stay in Rule 4001(a)(3) does not apply to the Notice of Termination.

3. The collateral is the property located at   8026 Kostner Ave, Skokie, IL 60076.

4. The Debtors can only cure any default under this order as allowed in paragraph 2 twice.  A third default by the Debtors allows an immediate Notice of Termination to be filed.

5. The payment conditions of paragraph 1 will terminate October 15, 2025 if all payments through September 2025 have been paid.

6. This order will terminate upon the payment of all sums due and owing pursuant to the provisions of this Order.

Enter:

Honorable David D. Cleary
United States Bankruptcy Judge

Dated:  March 17, 2025

**Prepared by:**

Richard B. Aronow  3123969
Michael N. Burke  6291435
Amy A. Aronson  6206512
LOGS Legal Group LLP
2801 Lakeside Drive, Suite 207
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
22-097935

The firm of LOGS Legal Group LLP is a debt collector. This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.